Mr. Justice Thacher
delivered the opinion of the court.
This was an action of assumpsit upon two promissory notes, and an account for services as physician and surgeon. Plea of non assumpsit, and a special plea that the account had not accrued within three years, were filed by the defendants.
A demurrer to the special plea of limitation was properly sustained by the court below. The statutory limitation of three years was not applicable to this case.
It becomes unnecessary to examine the propriety of the charges of the court below to the jury respecting the assignment of one of the notes sued upon in this action. The defence sought to be made by virtue of the statute of 1840, prohibiting the transfer of their bills receivable and evidences of debt, by banks, could not be sustained under the general issue. Such a defence could only be reached by plea in abatement. Planters Bank v. Sharp, 4 S. & M. 27.
The evidence, however, upon which the jury found for the plaintiff some portion of the account for medical and surgical services, seems extremely vague and uncertain. The only witness called by the plaintiff to establish this account, could speak neither as to the time or the character of the services charged, and, in point of law, gave no testimony as to the account filed. It is true, that it is difficult for accounts of this *332 character to be strictly proved, nor, indeed, is it necessary; but it would seem to be always in the power of a physician or surgeon to show that he was in the habit of keeping correct books of accounts, and that the account sued upon had been correctly copied from his books. It is also true, that this court will not lightly disturb the finding of a jury in cases of this kind, where they are peculiarly the proper judges of the weight of the evidence ; but, in the present instance, the evidence does not seem at all to warrant the verdict upon the account.
Judgment reversed, and new trial awarded.